```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BECKY BUSH,
                                              08-CV-6444T
                    Plaintiff,               ORDER
      v.

COUNTY OF ORLEANS and MARK WATTS,
Superintendent of Building and Grounds,

                    Defendants.
_____
```

## INTRODUCTION

Plaintiff Becky Bush, ("Bush") a custodian for the County of Orleans, brings this action against the County of Orleans ("the County") and Mark Watts, ("Watts") her former supervisor, claiming that the defendants violated her First Amendment right to freedom of speech, and denied her equal protection of the laws. Specifically, plaintiff claims that she was harassed and terminated from her employment in retaliation for exercising her First Amendment rights, and that the defendants' conduct violated her civil rights by denying her the right to equal protection of the laws.

Defendants move to dismiss plaintiff's claims on grounds that she has failed to state a claim for the violation of her First Amendment right to free speech, and has failed to state a claim for a violation of her right to equal protection of the laws. For the reasons set forth below, defendants' motion to dismiss is granted.

BACKGROUND

Plaintiff Becky Bush began her employment as a cleaner for the County of Orleans in 1988. Bush was subsequently promoted to the position of custodian, and was later promoted to the position of custodian with supervisory responsibilities.

In 2001, defendant Mark Watts became plaintiff's supervisor, and according to Bush, he began to harass her, and demonstrated favoritism towards "younger female custodians in [her] department." Complaint at ¶ 10. Plaintiff contends that Watts engaged in a campaign to have her employment terminated, and made false accusations against the plaintiff, including false criminal accusations. Complaint at ¶¶ 11-14.

On September, 21, 2006, Watts accused plaintiff of taking excessive break time, and watching television while she was supposed to be working. Watts immediately placed her on administrative leave, and on September 25, 2006, plaintiff received a notice of discipline regarding the incident. On October 23, 2006, the County held a hearing regarding plaintiff's conduct, and her employment was terminated.

Thereafter, in 2007, plaintiff filed an employment discrimination case in this court, claiming that she had been discriminated against on the basis of her age and gender in violation of State and federal law. Bush v. County of Orleans, 07-CV-577A. The case was referred to mediation, and pursuant to a September 14, 2007 decision of the Arbitrator, plaintiff was reinstated to her employment. Because the parties neglected to

inform the court of the resolution of the case, even after being directed by the Court to show cause why the case should not be dismissed for failure to prosecute, the case was dismissed for failure to prosecute on June 29, 2009.

On September 9, 2008, well after the arbitrator had reinstated plaintiff's employment, and while plaintiff's first case was still pending, Bush filed the instant action against the County and Watts claiming that the defendants violated her right to free speech and equal protection of the laws.

DISCUSSION

I.  Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. Plaintiff has Failed to State a Claim for a Violation of her First Amendment Rights

Plaintiff contends that she was denied her First Amendment right to freedom of speech in connection with her termination of employment, harassment she experienced, and retaliation upon returning to work. Specifically, she claims that:

> The denial of a union steward to Plaintiff, the retaliatory termination and subsequent bolstering of Plaintiff's disciplinary record at the Step III grievance by defendants and each of them, deprived plaintiff to her First Amendment Rights to freedom of speech and freedom of association, and resulted in the Plaintiff first losing her job, and then being subject to reinstatement (minus 2 weeks of back pay) and continuing retaliation for having contacted the union to defend her against Watts' continuing conduct, and for her complaints to the union regarding Watts' inappropriate conduct since he assumed supervision of the Plaintiff, including false complaints made to the police by Watt's girlfriend in conjunction with Watts.

4

Complaint at ¶ 38. These claims, however, fail to state a claim for the deprivation of a constitutional right.

The First Amendment to the United States Constitution protects the right of public employees to speak-out without fear of reprisal on issues of public concern. Frank v. Relin, 1 F.3d 1317 (2nd Cir., 1993), cert. denied, 510 U.S. 1012 (1993). However:

> [W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency in reaction to an employee's behavior.

Connick v. Myers, 461 U.S. 138, 147 (1983). "In order to establish a First Amendment retaliation claim, [a] plaintiff[] must prove that: (1) [he] engaged in constitutionally protected speech because [he] spoke as [a] citizen[] on a matter of public concern; (2) [he] suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2nd Cir., 2006)(citing Gronowski v. Spencer, 424 F.3d 285, 292 (2d Cir.2005); Sheppard v. Beerman, 94 F.3d 823, 827 (2d Cir.1996)). Whether or not particular speech relates to a matter of public concern is "ordinarily a question of law decided on the whole record by taking into account the content, form, and context of the given statement." Melzer v. Board of Education, 336 F.3d 185, 196 (2nd Cir. 2003).

In the instant case, plaintiff fails to allege that she engaged in any speech related to a matter of public concern. Her allegation that she complained of Watts' conduct to a union representative is exactly the type of speech that the Supreme Court in <u>Connick</u> held was not protected, "absent the most unusual circumstances." <u>Connick</u>, 461 U.S. at 147. Moreover, acts taken by other people, including denying a union representative to the plaintiff, and falsifying complaints do not allege that the plaintiff engaged in any sort of speech. Accordingly, I find that plaintiff has failed to state a claim for the denial of her First Amendment right to freedom of speech, and I grant defendant's motion to dismiss this claim.

III. <u>Equal Protection</u>.

Plaintiff complains that she was denied equal protection of the laws because she was subjected to a discriminatory and hostile workplace. Specifically, she claims that Watts treated her differently than other female employees. This claim is equally without merit.

The Equal Protection Clause "requires that the government treat all similarly situated people alike." See <u>Harlen Assocs. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 499 (2d Cir.2001); <u>Latrieste Rest. v. Vill. of Port Chester</u>, 188 F.3d 65, 69 (2d Cir.1999) (The Equal Protection Clause is "essentially a direction that all persons similarly situated be treated alike") (quoting <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 439 (1985)).

6

In cases involving public employment, the Supreme Court recently held that the equal protection clause prohibits discrimination against a class of persons, and that an individual may not constitute "a class of one." <u>Engquist v. Oregon Department of Agriculture</u>, --- U.S. ----, ----, 128 S.Ct. 2146, 2151, (2008). The Court observed that in the employment context, "the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted [the employer]." <u>Engquist</u>, --- U.S. at ----, 128 S.Ct. at 2154 (citation omitted). Accordingly, a public employee who does not contend that she is being subjected to discrimination based upon membership in a protected class and instead claims that she has been mistreated due to personal malice on the part of a supervisor, may no longer proceed on a class of one theory. <u>Engquist</u>, --- U.S. at ----, 128 S.Ct. at 2149; <u>see</u> <u>also</u> <u>Appel v. Spiridon</u>, 531 F.3d 138, 141 (2d Cir., 2008).

In this case, plaintiff has alleged that she was singled out for discriminatory treatment, and that other female employees were not discriminated against, and indeed, were even treated more favorably than she was. Accordingly, plaintiff has not alleged class based discrimination, but instead, has alleged discriminatory conduct directed at her specifically. As a result, pursuant to

7

Engquist, plaintiff has failed to allege a violation of her right to equal protection, and her claim is dismissed.

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted, and plaintiff's Complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         August 14, 2009